ADRIENNE C. PUBLICOVER (SBN 161432)
CHARAN M. HIGBEE (SBN 148293)
WILSON, ELSER, MOSKOWITZ,
　EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:　(415) 433-0990
Facsimile:　(415) 434-1370

Attorneys for Defendant THE HERTZ
CORPORATION LONG-TERM DISABILITY
PLAN and Real Party in Interest
LIFE INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH MUNN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HERTZ LONG-TERM DISABILITY PLAN,<br><br>　　　　Defendant,<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Real Party in Interest. | Case No.:　CV08-01942 VRW<br><br>**ANSWER OF THE HERTZ CORPORATION LONG-TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO PLAINTIFF'S COMPLAINT** |

　　　　Defendant The Hertz Corporation Long-Term Disability Plan (sued herein as "Hertz Long-Term Disability Plan" and hereinafter referred to as "the Plan") and Real Party in Interest Life Insurance Company of North America (hereinafter "LINA") answer the Complaint filed by plaintiff Faith Munn in this action (hereinafter "the Complaint") as follows:

---

1

## JURISDICTION

1. Answering paragraph 1 of the Complaint, the Plan and LINA admit that this lawsuit is governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") and that federal jurisdiction is proper under 29 U.S.C. 1132(f). Except as expressly admitted or denied, the Plan and LINA state that they lack sufficient knowledge or information about the matters alleged in paragraph 1 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 1 of the Complaint.

## CLAIM FOR RELIEF

2. Answering paragraph 2 of the Complaint, the Plan and LINA admit that plaintiff was employed by The Hertz Corporation and that plaintiff is a participant in the Plan. The Plan and LINA admit, on information and belief, that plaintiff resides within this judicial district. Except as expressly admitted or denied, the Plan and LINA state that they lack sufficient knowledge or information about the matters alleged in paragraph 2 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, the Plan and LINA admit that LINA is a corporation. The Plan and LINA admit that LINA issued Group Policy No. VDT-960024 to The Hertz Corporation (hereinafter "the Policy") and that the Policy provides disability coverage to eligible employees of The Hertz Corporation. The Plan and LINA admit that LINA determines whether disability benefits are payable under the Policy. Except as expressly admitted or denied, the Plan and LINA state that they lack sufficient knowledge or information about the matters alleged in paragraph 3 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, the Plan and LINA admit, on information and belief, that plaintiff last worked for The Hertz Corporation on or about May 20, 2006. The Plan and LINA admit that plaintiff was a participant in the Plan and an eligible

employee under the Policy on or about May 20, 2006. The Plan and LINA deny that plaintiff became disabled on May 22, 2006. The Plan and LINA admit that the terms and provisions of the Policy speak for themselves. Except as expressly admitted or denied, the Plan and LINA state that they lack sufficient knowledge or information about the matters alleged in paragraph 4 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, the Plan and LINA admit that plaintiff submitted a claim for disability benefits under the Policy and that this claim was denied by letter dated January 17, 2007. Except as expressly admitted or denied, the Plan and LINA state that they lack sufficient knowledge or information about the matters alleged in paragraph 5 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, the Plan and LINA admit that plaintiff appealed the denial of her claim for disability benefits. The Plan and LINA admit that, after each appeal by plaintiff, the decision to deny her claim for disability benefits was upheld by LINA. The Plan and LINA admit that a letter dated September 11, 2007 informed plaintiff that the decision to deny plaintiff's claim for disability benefits was being upheld and that plaintiff had exhausted all administrative levels of appeal. Except as expressly admitted or denied, the Plan and LINA state that they lack sufficient knowledge or information about the matters alleged in paragraph 6 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, the Plan and LINA admit that plaintiff has not received disability benefits under the Policy based on the claim submitted in 2006. The Plan and LINA deny that plaintiff is owed and/or entitled to any disability benefits under the Plan and/or the Policy. The Plan and LINA admit that the terms and provisions of the Policy

speak for themselves. Except as expressly admitted or denied, the Plan and LINA deny each and every remaining allegation set forth in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, the Plan and LINA admit, on information and belief, that plaintiff has retained an attorney to represent her in this action. The Plan and LINA deny that plaintiff is entitled to an award of attorneys' fee in this action. Except as expressly admitted or denied, the Plan and LINA deny each and every remaining allegation set forth in paragraph 8 of the Complaint.

9. Answering the prayer for relief alleged in the Complaint (hereinafter "prayer for relief"), the Plan and LINA deny that plaintiff is entitled to the relief requested therein. The Plan and LINA specifically respond to the prayer for relief as follows:

1. Answering paragraph 1 of the prayer for relief, the Plan and LINA deny that plaintiff is entitled to the relief requested therein.

2. Answering paragraph 2 of the prayer for relief, the Plan and LINA deny that plaintiff is entitled to the relief requested therein.

3. Answering paragraph 3 of the prayer for relief, the Plan and LINA deny that plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

10. As a first affirmative defense, the Plan and LINA allege that neither the Complaint, nor any claim for relief therein, state facts sufficient to state a claim against the Plan and/or LINA.

11. As a second affirmative defense, the Plan and LINA allege that plaintiff has failed to satisfy all conditions precedent, subsequent, and/or concurrent to the receipt of disability benefits under the subject group policy issued by LINA, Policy No VDT-960024, and/or the Plan.

12. As a third affirmative defense, the Plan and LINA allege that plaintiff was not and/or is not eligible for disability benefits under the Plan and/or the subject group policy issued

by LINA, Policy No. VDT-960024, because she has failed to demonstrate that she meets the requisite definition of disability.

13. As a fourth affirmative defense, the Plan and LINA allege that plaintiff has failed to comply with the terms of the subject group policy issued by LINA, Policy No. VDT-960024, and/or the Plan, and that, accordingly, plaintiff's claim for disability benefits is barred.

14. As a fifth affirmative defense, the Plan and LINA allege that the Plan confers discretionary authority on LINA to interpret the terms of the subject group policy (Policy No. VDT-960024), to make factual findings, and to determine eligibility for disability benefits. Accordingly, the arbitrary and capricious standard of review applies to the claim decision that is the subject of this action.

15. As a sixth affirmative defense, the Plan and LINA allege that the claim decision was not made in an arbitrary and/or capricious manner.

16. As a seventh affirmative defense, the Plan and LINA allege that the claim decision (denying plaintiff disability benefits under the Plan and/or under LINA Policy No. VDT-960024) was correct, proper and reasonable.

17. As an eighth affirmative defense, the Plan and LINA allege that plaintiff is not entitled to disability benefits under the terms of either the Plan and/or the subject group policy issued by LINA (Policy No. VDT-960024).

18. As a ninth affirmative defense, the Plan and LINA allege that, if the Court should determine that plaintiff was and/or is disabled pursuant to the terms of the subject group policy (LINA Policy No. VDT-960024), which defendants dispute and deny, LINA is entitled to offsets for other income received by plaintiff, including but not limited to Social Security disability, state paid disability, worker's compensation, and other group disability benefits.

19. As a tenth affirmative defense, the Plan and LINA allege that, by plaintiff's conduct or that of her agents, plaintiff has waived, or is estopped to assert, every claim for relief against the Plan and/or LINA set forth in the Complaint.

5

**ANSWER OF THE HERTZ CORPORATION LONG-TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case #CV08-01942 VRW
352283.1

20. As an eleventh affirmative defense, the Plan and LINA allege that the relief that plaintiff seeks in this action is limited and governed by the provisions of ERISA.

21. The Plan and LINA reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, the Plan and LINA pray for judgment as follows:

1. That plaintiff take nothing by reason of her Complaint on file herein and that judgment be awarded in favor of defendant The Hertz Corporation Long-Term Disability Plan and real party in interest Life Insurance Company of North America;

2. That any declaration of rights and obligations made by this Court state and declare that plaintiff is not entitled to any disability benefits from defendant The Hertz Corporation Long-Term Disability Plan and/or real party in interest Life Insurance Company of North America, under the subject group policy of insurance or the Plan;

3. That defendant The Hertz Corporation Long-Term Disability Plan and real party in interest Life Insurance Company of North America be awarded their attorneys' fees, costs and expenses incurred in this action; and

4. That defendant The Hertz Corporation Long-Term Disability Plan and real party in interest Life Insurance Company of North America recover such other and further relief as the Court may deem just and proper.

Date: May 28, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____/s/ Charan M. Higbee_____
Adrienne C. Publicover
Charan M. Higbee
Attorneys for Defendant
THE HERTZ CORPORATION LONG-TERM DISABILITY PLAN and
Real Party in Interest
LIFE INSURANCE COMPANY
OF NORTH AMERICA

---

6
ANSWER OF THE HERTZ CORPORATION LONG-TERM DISABILITY PLAN AND LIFE INSURANCE
COMPANY OF NORTH AMERICA TO PLAINTIFF'S COMPLAINT
USDC NDCA Case #CV08-01942 VRW
352283.1

# CERTIFICATE OF SERVICE
*Faith Munn v. Hertz Long-Term Disability Plan / Life Insurance Company of North America*
*USDC NDCA Case #CV08-01942 VRW*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**ANSWER OF THE HERTZ CORPORATION LONG-TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO PLAINTIFF'S COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

| | |
|---|---|
| Laurence F. Padway, Esq.<br>L/O OF LAURENCE F. PADWAY<br>1516 Oak Street, Suite 109<br>Alameda, CA 94501<br>Tel: (510) 814-0680<br>Fax: (510) 814-0650<br><br>*Attorneys for Plaintiff* | David J. Linden, Esq.<br>P.O. Box 50<br>Napa, CA 94581<br>Tel: (707) 252-7007<br>Fax: (707) 252-7883<br><br>*Attorneys for Plaintiff* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **May 28, 2008**, at San Francisco, California.

_____
Nancy Li

---

7
ANSWER OF THE HERTZ CORPORATION LONG-TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO PLAINTIFF'S COMPLAINT
USDC NDCA Case #CV08-01942 VRW
352283.1