1  ADRIENNE C. PUBLICOVER (SBN 161432)
   CHARAN M. HIGBEE (SBN 148293)
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California 94105
4  Tel: (415) 433-0990 / Fax: (415) 434-1370

5  **Attorneys for Defendant THE HERTZ CORPORATION LONG-TERM DISABILITY PLAN and**
6  **Real Party in Interest LIFE INSURANCE COMPANY OF NORTH AMERICA**

7

8  LAURENCE F. PADWAY  (SBN 083914)
   LAW OFFICES OF LAURENCE F. PADWAY
9  1516 Oak Street, Suite 109
   Alameda, CA  94501
10 Tel: (510) 814-0680 / Fax: (510) 814-0650

11 DAVID J. LINDEN  (SBN 041221)
   P.O. Box 50
12 Napa, CA  94581
   Tel: (707) 252-7007 / Fax: (707) 252-7883
13
   **Attorneys for Plaintiff**
14 **FAITH MUNN**

15

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18

19 FAITH MUNN,                            )  Case No.:   CV08-01942 VRW
                                          )
20         Plaintiff,                     )  **JOINT CASE MANAGEMENT**
                                          )  **STATEMENT**
21    v.                                  )
                                          )  Date      :   August 28, 2008
22 HERTZ LONG-TERM DISABILITY             )  Time      :   3:30 p.m.
   PLAN,                                  )  Courtroom :   6
23                                        )  Floor     :   17
           Defendant,                     )  Honorable Vaughn R. Walker
24 _____)
                                          )
25 LIFE INSURANCE COMPANY OF              )
   NORTH AMERICA,                         )
26                                        )
           Real Party in Interest.        )
27 _____)

28
                    JOINT CASE MANAGEMENT STATEMENT
   USDC NDCA Case #CV08-01942 VRW
   369877.1

Plaintiff Faith Munn (hereinafter "plaintiff"), defendant The Hertz Corporation Long-Term Disability Plan (hereinafter "the Plan") and real party in interest Life Insurance Company of North America (hereinafter "LINA") submit the following Joint Case Management Statement in this action.

### A.   Jurisdiction and Service

The Court has subject matter jurisdiction over plaintiff's claims. Jurisdiction is based on 29 U.S.C. Section 1132(e) because plaintiff seeks benefits under an employee welfare benefit plan governed by the provisions of ERISA. All the parties are subject to the Court's jurisdiction. No parties remain to be served.

### B.   Facts

Plaintiff Faith Munn seeks long term disability benefits under an employee welfare benefit plan governed by the provisions of ERISA. Plaintiff is 63 years old, and was employed by The Hertz Corporation as a Senior Station Manager when she went out on disability on or about May 20, 2006. Plaintiff's alleged disability is based on pain in her foot, hand and back. Plaintiff has been diagnosed with various medical conditions, including hallux valgus and carpal tunnel syndrome in her left hand.

Based on her employment at Hertz, plaintiff was a participant in the Plan which provided disability insurance coverage to eligible employees of Hertz, including plaintiff. This disability insurance was provided pursuant to a group policy of insurance issued by LINA. Plaintiff submitted a claim for long term disability benefits in or about November of 2006. LINA denied plaintiff's claim for long term disability benefits by letter dated January 17, 2007.

The principal factual issue in dispute is whether plaintiff is entitled to the disability benefits that she seeks under the Plan and/or the subject group policy issued by LINA, and specifically whether she is entitled to disability benefits from on or about November 20, 2006 through the present.

**C.  Legal Issues**

The following legal issues will be presented:

a.  Whether the appropriate standard of review of the claim decision is de novo or abuse of discretion.

b.  Whether the claim decision (to deny plaintiff's claim for disability benefits) was proper under the applicable standard of review.

**D.  Motions**

The parties expect to file cross-motions for judgment pursuant to Fed. Rule of Civil Procedure 52 or cross-motions for summary judgment pursuant to Fed. Rule of Civil Procedure 56.

**E.  Amendment of Pleadings**

The parties currently do not anticipate any amendments to their pleadings.

**F.  Evidence Preservation**

LINA has maintained an administrative record relating to plaintiff's claim for disability benefits. This administrative record has been produced to plaintiff as part of the Plan and LINA's Initial Disclosure in this action. There are no ongoing activities related to plaintiff's claim, nor ongoing communications with plaintiff.

**G.  Disclosures**

The Plan and LINA served their Initial Disclosure on June 10, 2008.

**H.  Discovery**

No discovery has been served to date.

Plaintiff intends to conduct limited discovery to demonstrate that LINA failed to comply with a provision of the Plan which requires that physicians conducting medical reviews for the carrier be licensed in California. Plaintiff does not believe the reviewer selected by LINA was so licensed, and therefore his review does not meet the terms of the Plan.

The Plan and LINA contend that discovery is improper in this action which is based on the provisions of ERISA. The admissible evidence should be limited to the administrative record maintained by LINA, the subject group insurance policy, and the plan documents.

**I.   Class Actions**

Not applicable.

**J.   Related Cases**

The parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**K.   Relief**

Plaintiff's Complaint seeks the long term disability benefits due under the subject group policy (issued by LINA) plus interest and an award for attorney fees.

The Plan and LINA also seek an attorney fee award in this action.

**L   Settlement and ADR**

The parties have agreed to the following ADR process: <u>Court mediation pursuant to ADR L.R. 6</u>. The parties also intend to engage in settlement discussions prior to Court mediation.

**M.   Consent to Magistrate Judge For All Purposes**

The Plan and LINA do not consent to have a magistrate judge conduct all further proceedings.

**N.   Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.   Narrowing of Issues**

The parties may agree and stipulate as to the standard of review to be utilized by the Court.

The parties currently do not anticipate any request to bifurcate issues, claims, or defenses.

| | | |
|---|---|---|
|1|**P.**|**Expedited Schedule**|

It is likely that this is the type of case that can be handled with streamlined procedures, such as cross-motions for summary judgment. The parties recommend that court mediation take place before the date for filing dispositive motions.

**Q.   Scheduling**

The parties propose the following dates for the dispositive motions:

Cross-Motions for Judgment to be filed on:   December 4, 2008

Oppositions to be filed on:     Per Local Rules

Reply Briefs to be filed on:    Per Local Rules

Hearing Date:          January 8, 2009

**R.   Trial**

The parties agree that this case is subject to a court trial, and that there is no right to a jury trial for ERISA claims.

In the event that this matter is not resolved by the dispositive motions, the parties estimate that a bench trial will last 1 to 4 hours.

**S.   Disclosure of Non-Party Interested Entities or Persons**

a.   Plaintiff filed the following Certificate of Interested Entities or Persons on June 5, 2008:

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

b.   The Plan and LINA filed the following Certification of Interested Entities or Persons on May 28, 2008:

Connecticut General Corporation, a Connecticut corporation, is the parent company of defendant Life Insurance Company of North America. Connecticut General Corporation is a wholly-owned subsidiary of CIGNA Holdings, Inc. CIGNA Holdings, Inc. is a wholly-owned subsidiary of CIGNA Corporation.

---

4
JOINT CASE MANAGEMENT STATEMENT
USDC NDCA Case #CV08-01942 VRW
369877.1

**T.   Other Matters**

The parties currently are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Date: August 15, 2008                    WILSON, ELSER, MOSKOWITZ,
                                         EDELMAN & DICKER LLP


By:   */s/ Charan M. Higbee*
      Adrienne C. Publicover
      Charan M. Higbee
      Attorneys for Defendant THE HERTZ
      CORPORATION LONG-TERM DISABILITY
      PLAN and Real Party in Interest LIFE INSURANCE
      COMPANY OF NORTH AMERICA


Date: August 15, 2008                    LAW OFFICES OF LAURENCE F. PADWAY


By:   */s/ Laurence F. Padway*
      LAURENCE F. PADWAY
      Attorneys for Plaintiff
      FAITH MUNN

# CERTIFICATE OF SERVICE

*Faith Munn v. Hertz Long-Term Disability Plan / Life Insurance Company of North America*
*USDC NDCA Case #CV08-01942 VRW*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→    : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

| | |
|---|---|
| Laurence F. Padway, Esq.<br>L/O OF LAURENCE F. PADWAY<br>1516 Oak Street, Suite 109<br>Alameda, CA  94501<br>Tel:   (510) 814-0680<br>Fax:   (510) 814-0650<br><br>*Attorneys for Plaintiff* | David J. Linden, Esq.<br>P.O. Box 50<br>Napa, CA  94581<br>Tel:   (707) 252-7007<br>Fax:   (707) 252-7883<br><br>*Attorneys for Plaintiff* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **August 15, 2008**, at San Francisco, California.

_____
Nancy Li

---

6
JOINT CASE MANAGEMENT STATEMENT
USDC NDCA Case #CV08-01942 VRW
369877.1